



Courts Home | Search Case Records

Home     Summary Data & Reports     Resources & Links     Get Help

Search | Site Map | ? eService Center

## Superior Court Case Summary

**Court:** King Co Superior Ct
**Case Number:** 09-2-14120-7

| Sub | Docket Date | Docket Code | Docket Description | Misc Info |
|-----|-------------|-------------|--------------------|-----------|
| 1 | 03-31-2009 | SMCMP | Summons & Complaint | |
| 2 | 03-31-2009 | *ORSCS JDG0005 | Set Case Schedule Judge Steven Gonzalez, Dept 5 | 09-13-2010ST |
| 3 | 03-31-2009 | CICS LOCS | Case Information Cover Sheet Original Location - Seattle | |
| 4 | 03-31-2009 | LSPND | Lis Pendens | |
| 6 | 03-31-2009 | MT | Mtn/memo Re Temp Rest Order / Pla | |
| 7 | 03-31-2009 | DCLR | Declaration Of Bruce Hull | |
| 8 | 04-06-2009 | NTAB | Notice Of Absence/unavailability | |
| 9 | 04-06-2009 | AFSR | Affidavit/dclr/cert Of Service | |
| 10 | 04-06-2009 | AFSR | Affidavit/dclr/cert Of Service | |
| 11 | 05-14-2009 | NTMTDK ACTION | Note For Motion Docket Temp Restrain Ord | 05-21-2009MX |
| 12 | 05-14-2009 | MT | Motion & Memo Fr Temp Rest Ord/pltf | |
| 13 | 05-14-2009 | DCLR | Declaration Of Bruce M Hull | |
| 14 | 07-17-2009 | NTMTDK ACTION | Note For Motion Docket Temp Restrain Ord | 07-23-2009MX |
| 15 | 08-04-2009 | AMCPT | Amended Complaint | |
| 17 | 08-06-2009 | NTMTDK ACTION | Note For Motion Docket Temp Rest Order | 08-13-2009MX |
| 18 | 08-06-2009 | MT | Motion Fr Temporary Restrain Ord | |
| 19 | 08-06-2009 | DCLR | Declaration Of Bruce Hull | |
| 20 | 08-11-2009 | AFSR | Affidavit/dclr/cert Of Service | |
| 21 | 08-12-2009 | NTAPR Not | ice Of | |

### About Dockets

You are viewing the case docket or case summary. Each Court level uses different terminology for this information, but for all court levels, it is a list of activities or documents related to the case. District and municipal court dockets tend to include many case details, while superior court dockets limit themselves to official documents and orders related to the case.

If you are viewing a district municipal, or appellate court docket, you may be able to see future court appearances or calendar dates if there are any. Since superior courts generally calender their caseloads on local systems, this search tool cannot diplay superior court calendering information.

### Contact Information

King Co Superior Ct
516 3rd Ave, Rm C-203
Seattle, WA 98104-2361
**Map & Directions**
206-296-9100[Phone]
206-296-0986[Fax]
**Visit Website**
206-205-5048[TDD]

### Disclaimer

This information is provided for use as reference material and is not the official court record. The official court record is maintained by the **court of record**. Copies of case file documents are not available at this website and will need to be ordered from the **court of record**.

The Administrative Office of the Courts, the Washington State Courts, and the Washington State County Clerks :

1) Do not warrant that the information is accurate or complete;

2) Do not guarantee that information is in its most current form;

3) Make no representations regarding the identity of any person whose name appears on these pages; and

| | | | Appearance /west Horizon | 4) Do not assume any liability resulting from the release or use of the information. |
|---|---|---|---|---|
| 23 | 08-13-2009 | AFSR | Affidavit/dclr/cert Of Service | Please consult official case records from the **court of record** to verify all provided information. |
| 24 | 08-27-2009 | NTWDA | Notice Of Withdrawal Of Attorney | |

Courts | Organizations | News | Opinions | Rules | Forms | Directory | Library

Back to Top | Privacy and Disclaimer Notices

FILED

09 MAR 31 PM 1:11

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-14120-7 SEA

1

2

3

4

5

6

7

8

9

10

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**

**FOR THE COUNTY OF KING**

11

| | | |
|---|---|---|
| 12 | VLADIMIR V. ZAYTSEV, an unmarried individual; | ) ) | No.: |
| 13 | Plaintiff, | ) ) ) | **SUMMONS** |
| 14 | v. | ) ) | 20 days |
| 15 | CAL-WESTERN RECONVEYANCE | ) ) | |
| 16 | CORPORATION OF WASHINGTON, a Washington corporation, HOMECOMINGS | ) ) | |
| 17 | FINANCIAL NETWORK, INC., a Delaware corporation, and MORTGAGE | ) ) ) | |
| 18 | ELECTRONIC REGSTRATION SYSTEMS, INC., a California company. | ) ) | |
| 19 | Defendants. | ) ) | |
| 20 | | ) | |

21   TO:   CAL-WESTERN RECONVEYANCE CORPORATION OF WASHINGTON, a Washington

22        corporation, and

23   TO:   HOMECOMINGS FINANCIAL NETWORK, INC., a Delaware corporation.

24

25

26

SUMMONS- 1

**THE LAW OFFICES OF BRUCE M. HULL**
*A Professional Limited Liability Corporation*
14100 SE 36th Street, Suite 100
Bellevue, WA 98006
Phone: (425) 378-8088
Fax: (425) 378-3373

TO THE DEFENDANTS: A lawsuit has been started against you in the above-entitled court by plaintiff Vladimir V. Zaytsev. Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within twenty (20) days after the service of this summons, excluding the date of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiffs are entitled to what has been asked for because you have not responded. If you serve a notice of appearance on the undersigned attorneys, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

THIS SUMMONS is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington, and RCW 4.28.180.


DATED this 31st day of March 2009.

LAW OFFICES OF BRUCE M. HULL, pllc

By: _____
Bruce M. Hull, WSBA # 18943
Attorneys for Plaintiff
Vladimir V. Zaytsev

SUMMONS- 2

**THE LAW OFFICES OF BRUCE M. HULL**
*A Professional Limited Liability Corporation*
14100 SE 36th Street, Suite 100
Bellevue, WA 98006
Phone: (425) 378-8088
Fax: (425) 378-3373

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Case Number:       09-2-14120-7
Case Title:        Vladimir V. Zaytsev vs Cal-Western Reconveyance Corporation of
Washington, et. al.
Document Title:    SUMMONS & COMPLAINT
User's Name:       Bruce Hull
Filed Date:        3/31/2009 1:11:05 PM

User Signed

Signed By:     Bruce Hull
WSBA #:        18943
Date:          3/31/2009 1:05:24 PM

1
2
3
4
5
6
7
8

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**

9

**FOR THE COUNTY OF KING**

10  VLADIMIR V. ZAYTSEV, an unmarried
    individual;                              )
11                                           )    No.:
                                             )
12                              Plaintiff,   )    **COMPLAINT TO RESTRAIN**
                                             )    **TRUSTEE'S SALE , TEMPORARY**
13              v.                           )    **RESTRAINING ORDER AND FOR**
                                             )    **RESCISSION, DAMAGES, OFFSET**
14  CAL-WESTERN RECONVEYANCE          )    **AND RECOUPMENT**
    CORPORATION OF WASHINGTON, a     )
15  Washington corporation, HOMECOMINGS )
    FINANCIAL NETWORK, INC., a Delaware  )
16  corporation, and MORTGAGE ELECTRONIC )
    REGSTRATION SYSTEMS, INC., a       )
17  California company.                    )
                                             )
18                              Defendants.  )
    ─────────────────────────────────────

19
        COMES NOW plaintiff Vladimir V. Zaytsev ("Plaintiff"), by and through his attorneys, Law
20
    Offices of Bruce M. Hull pllc, to allege as follows:
21
22
23                          **I.        PARTIES**

24  1.      Plaintiff is a resident of King County.

25
26  2.      Defendant  Cal-Western  Reconveyance  Corporation  of  Washington  ("Trustee")  is  a

    COMPLAINT FOR DAMAGES AND            **THE LAW OFFICES OF BRUCE M. HULL**
    RESTRAINT OF TRUSTEE'S SALE- 1        *A Professional Limited Liability Corporation*
                                            14100 SE 36ᵗʰ Street, Suite 100
                                                 Bellevue, WA 98006
                                               Phone: (425) 378-8088
                                                Fax: (425) 378-3373

                            **EXHIBIT A**                    **Page 6 of 98**

1  Washington corporation that transacts business place of business in King County,

2  Washington. Trustee does business in and has sufficient contacts with the State of

3  Washington to be subject to both general and specific jurisdiction.

4  3.   Trustee's agent for service of process in Washington State is National Registered Agents,

5  Inc., 1780 Barnes BLVD SW BLDG G, Tumwater, WA 98512-0410.

6

7  4.   Defendant Homecomings Financial Network, Inc. ("Homecomings") is a Delaware company

8  that, during all relevant times, transacted business in King County, Washington.

9  Homecomings does business in and has sufficient contacts with the State of Washington to

10  be subject to both general and specific jurisdiction.

11  5.   Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a California company

12  that transacts business place of business in King County, Washington.  MERS does business

13  in and has sufficient contacts with the State of Washington to be subject to both general and

14  specific jurisdiction.

15

16

17  ## II.   JURISDICTION AND VENUE

18  6.   Jurisdiction is proper pursuant to RCW 2.08.010 because the Court possesses jurisdiction

19  over the subject matter of this action and personal jurisdiction over the parties.

20  7.   Jurisdiction is also proper pursuant to 15 USC 1640(e).

21  8.   Venue is proper in King County pursuant to RCW 4.12.025 because the defendants transact

22  business in King County, Washington, and many of the events described herein took place in

23  King County, Washington.

24

25

26

COMPLAINT FOR DAMAGES AND
RESTRAINT OF TRUSTEE'S SALE- 2

THE LAW OFFICES OF BRUCE M. HULL
*A Professional Limited Liability Corporation*
14100 SE 16th Street, Suite 100
Bellevue, WA 98006
Phone: (425) 378-8088
Fax: (425) 378-3373

## III.      **FACTUAL BACKGROUND**

9.    Plaintiff is a recent immigrant from Russia and speaks, reads, writes and understands only limited English.

10.   In June 2008 plaintiff received an unsolicited offer in the mail from Jason Berge of West Horizon Financial, Inc. ("Broker") promising Broker could obtain lower interest rates and payments for plaintiff.

11.   Plaintiff and his brother Yuri Zaytsev then contacted Broker shortly thereafter and met with Mr. Berge and explained he wanted a fixed rate loan at an interest rate lower than his current 7% loan.

12.   Mr. Berge and Broker assured plaintiff they could get him this type of loan but provided nothing in writing rather they requested plaintiff complete a loan application first.

13.   Plaintiff ultimately applied for a home loan to refinance a loan used to purchase his personal residence on or about June 28, 2006 through Mr. Berge and Broker. The application was taken by Mr. Berge over the phone.

14.   At all relevant times Broker was acting as an agent for Homecomings.

15.   Plaintiff was led to believe from Broker he was getting a low interest fixed rate loan which would remain at a low interest rate for the entire term of the loan.

16.   Broker transferred to plaintiff's loan application to Homecomings which approved it.

17.   Plaintiff entered into a subprime loan transaction with defendants Homecomings and MERS on or about July 20, 2006, in which Plaintiff borrowed $367,200.00 from defendant Homecomings (the "Loan").

18.   The proceeds of the Loan were used to refinance a loan used to purchase the principal

COMPLAINT FOR DAMAGES AND
RESTRAINT OF TRUSTEE'S SALE- 3

THE LAW OFFICES OF BRUCE M. HULL
*A Professional Limited Liability Corporation*
14100 SE 36th Street, Suite 100
Bellevue, WA 98006
Phone: (425) 378-8088
Fax: (425) 378-3373

dwelling of the Plaintiff at 26257 125th PL SE, Kent, Washington 98030 ("Principal Dwelling").

19. At all relevant times the Principal Dwelling is the principal dwelling and primary residence of the Plaintiff.

20. The Loan was a closed end consumer credit transaction in which a security interest was retained or acquired in Plaintiff's Principal Dwelling which was consummated within three years of the date of the underlying Loan transaction and was not a residential mortgage transaction or other exempted transaction under 12 USC 1601 et. seq.

21. The Loan was evidenced by an (option arm) Adjustable Rate Note dated July 20, 2006 in the amount of $367,200.00 (the "Note").

22. The Note contained a "teaser" interest rate of only 1% per annum effective for only the first payment with interest subject to change each month thereafter with a cap set at 9.95%.

23. The Note contained a prepayment penalty equal to six months "advance interest" on the amount of the prepayment.

24. The Note was secured by "Deed of Trust" granted by Plaintiff in favor of MERS ("Beneficiary"), acting solely as nominee for Homecomings, dated July 20, 2006 and recorded July 25, 2006 under Auditor's File No. 20060725001308 in the records of King County, Washington against Plaintiff's Principal Dwelling.

25. Plaintiff later learned that he had a negative amortization loan and that his principal balance was increasing each month.

26. Plaintiff contacted Mr. Berge and Broker and complained about the interest rate adjustments and the increasing principal balance but was told by Mr. Berge not to worry as the value of

COMPLAINT FOR DAMAGES AND
RESTRAINT OF TRUSTEE'S SALE- 4

THE LAW OFFICES OF BRUCE M. HULL
*A Professional Limited Liability Corporation*
14100 SE 36th Street, Suite 100
Bellevue, WA 98006
Phone: (425) 378-8088
Fax: (425) 378-3373

the property was increasing so he would not lose money.

27.     Trustee sent the Notice of Trustee's Sale to Plaintiff on or about January 13, 2009.

28.     The Notice of Trustee's Sale provided notice of the sale of Plaintiff's Principal Dwelling to occur April 17, 2009 pursuant to the Deed of Trust.

29.     Defendant Homecomings is the lender under the Note and the Loan servicer.

## IV.    FIRST CAUSE OF ACTION

### Rescission

30.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 29 above.

31.     Plaintiff's Loan was a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling as set forth in 12 CFR §226.23.

32.     Plaintiff has the right to rescind the foregoing credit transaction and may exercise this right upon delivery of the notice of the right to rescind required to be provided by defendants (or their assignors) or delivery of all material disclosures, whichever occurs last. 15 USC §1635(a) and 12 CFR §226.23(a).

33.     Plaintiff never received the required notice of the right to rescind required to be provided by defendants (or their assignors) or delivery of all material disclosures.

34.     Plaintiff's complaint was filed less than three (3) years since the consummation of the plaintiff's Loan and plaintiff continues to have this right to rescind this transaction.

35.     Plaintiff has properly notified defendants of the rescission.

36.     As a result of this rescission, the security interest of defendant Homecomings giving rise to

COMPLAINT FOR DAMAGES AND
RESTRAINT OF TRUSTEE'S SALE- 5

THE LAW OFFICES OF BRUCE M. HULL
A Professional Limited Liability Corporation
14100 SE 36th Street, Suite 100
Bellevue, WA 98006
Phone: (425) 378-8088
Fax: (425) 378-3373

1    the right of rescission is void and plaintiff shall not be liable for any amount, including any

2    finance charge, as permitted in 15 USC §1635(b) and 12 CFR §226.23(d).

3    37.    Defendant Homecomings must return any money or property that has been given to anyone in

4    connection with plaintiff's Loan transaction and shall take any action necessary to reflect the

5    termination of the related security interest.

6

7

8                        V.      **SECOND CAUSE OF ACTION**

9    **Violation of the Truth In Lending Act, Real Estate Settlement Practices Act and Related**

10                      **Regulations by Defendant Homecomings**

11   38.    Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 37

12   above.

13

14   39.    Plaintiff was not provided material disclosures and other loan documentation prior to and

15   after Plaintiff's Loan transaction was consummated.

16   40.    These deficiencies include without limitation the following:

17         a.   Not all preliminary or early disclosures were given to the Plaintiff as required by 12

18             CFR §226.17(b) and 226.19(a);

19

20         b.   No Itemization of amount financed or disclosure telling the Plaintiff he is entitled to

21             that disclosure in writing as required by 12 CFR §226.18(c);

22         c.   A Good Faith Estimate of the sub-prime loan may not have been given to Plaintiff;

23         d.   Plaintiff did not receive an accurate Truth in Lending Disclosure Statement in

24             violation of 12 CFR §226.17 and 18;

25         e.   The APR is understated by 0.5468% in violation of 12 CFR §226.22;

26

COMPLAINT FOR DAMAGES AND
RESTRAINT OF TRUSTEE'S SALE- 6

THE LAW OFFICES OF BRUCE M. HULL
*A Professional Limited Liability Corporation*
14100 SE 36th Street, Suite 100
Bellevue, WA 98006
Phone: (425) 378-8988
Fax: (425) 378-3373

f.   Homecomings paid Broker a yield spread premium of $11,016.00 which was not properly disclosed as required by the Real Estate Settlement Procedures Act in violation of 12 USC §2607 and in violation of 12 CFR §226.17(c).

41.   Such deficiencies violate the provisions of the Truth In Lending Act (15 USC §1601 et. seq.) and the Related Regulation Z (12 CFR §226 et. seq.).

## VI.   THIRD CAUSE OF ACTION

### Violation of the Washington Consumer Protection Act by Defendant Homecomings

42.   Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 41 above.

43.   The conduct of defendant Homecomings and its agents and representatives constitute unfair or deceptive acts or practices in violation of the Washington Consumer Protection Act RCW 19.86 et. seq.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.   Judgment against defendant Homecomings for damages, recoupment, setoff, actual and statutory damages, penalties and attorneys' fees and costs as provided in the Truth In Lending Act 15 USC 1601 et. seq., the underlying regulations 12 CFR 226 et. seq., and the Real Estate Settlement Procedures Act 12 USC 2601 et. seq.;

2.   Judgment against defendant Homecomings for damages and reasonable attorneys' fees and costs as provided in the Washington Consumer Protection Act RCW 19.36 et. seq.;

COMPLAINT FOR DAMAGES AND
RESTRAINT OF TRUSTEE'S SALE- 7

THE LAW OFFICES OF BRUCE M. HULL
A Professional Limited Liability Corporation
14100 SE 36th Street, Suite 100
Bellevue, WA 98006
Phone: (425) 378-3088
Fax: (425) 378-3373

3. For an order against defendant Trustee and Homecomings that the Trustee's Sale scheduled for April 17, 2009 at 10:00 a.m. be restrained and a temporary restraining order and preliminary injunction be granted to restrain such sale;

4. For an order against defendant Homecomings declaring plaintiff's Loan transaction is rescinded in favor of plaintiff and that defendant Homecomings' security interest is void;

5. For an order against defendant Homecomings in favor of plaintiff ordering defendants to comply with the rescission provisions of 15 USC §1635(a) and 12 CFR §226.23(d);

6. In the alternative, if no order of rescission is granted, for an order restructuring the terms and conditions of plaintiff's Loan agreements and security documents pursuant to 15 USC §1635(b) and 12 CFR §226.23(d)(4);

7. An award of pre-judgment and post-judgment interest, as allowed by law;

8. Costs of suit, including an award of reasonable attorneys' fees; and

9. For such other and further relief as the Court deems just and equitable.

DATED this 31st day of March 2009.

LAW OFFICES OF BRUCE M. HULL, pllc

By: _____
Bruce M. Hull, WSBA # 18943
Attorneys for Plaintiff
Vladimir V. Zaytsev

COMPLAINT FOR DAMAGES AND
RESTRAINT OF TRUSTEE'S SALE- 8

THE LAW OFFICES OF BRUCE M. HULL
A Professional Limited Liability Corporation
14100 SE 36th Street, Suite 100
Bellevue, WA 98006
Phone: (425) 378-8088
Fax: (425) 378-3373

FILED

09 MAR 31 PM 1:11

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-14120-7 SEA

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

Vladimir V. Zaytsev

|                          |
| Plaintiff(s) |

vs

Cal-Western Reconveyance Corporation of
Washington, et. al.

Defendant(s)

NO.  09-2-14120-7    SEA

Order Setting Civil Case Schedule (*ORSCS)

ASSIGNED JUDGE  Gonzalez         5

FILE DATE:                 03/31/2009

**TRIAL DATE:**            **09/13/2010**

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the **Summons and Complaint/Petition.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

_____ | _____
Print Name                             Sign Name

Order Setting Civil Case Schedule (*ORSCS)                    REV. 12/08    1

**EXHIBIT A**                    **Page 14 of 98**

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**

All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**

A filing fee of **$200** must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**

A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule.  The court will review the confirmation of joinder document to determine if a hearing is required.  If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**

When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date,** the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**

*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**

A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed.  If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a $220 arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**

**All** parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

Order Setting Civil Case Schedule (*ORSCS)

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Tue  03/31/2009 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$220 arbitration fee must be paid** | Tue  09/08/2009 | * |
| **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration. [See KCLCR 4.2(a) and Notices on Page 2]. | Tue  09/08/2009 | * |
| **DEADLINE** for Hearing Motions to Change Case Assignment Area. [See KCLCR 82(e)] | Tue  09/22/2009 | |
| **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLCR 26(b)]. | Mon  04/12/2010 | |
| **DEADLINE** for Disclosure of Possible Additional Witnesses [See KCLCR 26(b)]. | Mon  05/24/2010 | |
| **DEADLINE** for Jury Demand [See KCLCR 38(b)(2)]. | Mon  06/07/2010 | * |
| **DEADLINE** for Setting Motion for a Change in Trial Date [See KCLCR 40(d)(2)]. | Mon  06/07/2010 | * |
| **DEADLINE** for Discovery Cutoff [See KCLCR 37(g)]. | Mon  07/26/2010 | |
| **DEADLINE** for Engaging in Alternative Dispute Resolution [See KCLCR 16(b)]. | Mon  08/16/2010 | |
| **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLCR 4(j)]. | Mon  08/23/2010 | |
| **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(2)] | Mon  08/23/2010 | * |
| **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLCR 56; CR 56]. | Mon  08/30/2010 | |
| Joint Statement of Evidence [See KCLCR (4)(k)]. | Tue  09/07/2010 | * |
| **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | Tue  09/07/2010 | * |
| Trial Date [See KCLCR 40]. | Mon  09/13/2010 | |

### III. ORDER

Pursuant to King County Local Civil Rule 4 [KCLCR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this Order Setting Civil Case Schedule and attachment on all other parties.

DATED:   03/31/2009

_____
**PRESIDING JUDGE**

**EXHIBIT A**                    **Page 16 of 98**

**IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE**

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS**
Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx . If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:** Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Cour website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

**MOTIONS PROCEDURES**

**A. Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Nondispositive Motions:**  These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered.  All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements.  Rather than noting a time of day, the Note for Motion should state "Without Oral Argument."  Local Civil Rule 7 governs these motions, which include discovery motions.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge.  All other motions should be noted and heard on the Family Law Motions calendar.  Local Civil Rule 7 and King County Family Law Local Rules govern these procedures.  The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:**   Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time.  However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.

**B. Original documents/working copies Filing of Documents**

**All original documents must be filed with the Clerk's Office.**

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.  The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom.  Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion.  Do not file the original of the proposed order with the Clerk of the Court.   Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge.  If that judge is absent, contact the assigned court for further instructions.  If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department.**  Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department.  **If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.**

*C.     Form*

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing.  Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

**PRESIDING JUDGE**

KING COUNTY SUPERIOR COURT
CASE ASSIGNMENT DESIGNATION
and
CASE INFORMATION COVER SHEET
(cics)

In accordance with LCR 082(e), a filing document fee of $15 will be assessed to new case filings using this sheet pursuant to King County Code 4.71.100.

CASE NUMBER: _____

CASE CAPTION: VLADIMIR V. ZAYTSEV v. CAL-WESTERN RECONVEYANCE
CORPORATION OF WASHINGTON, ET. AL.

I certify that this case meets the case assignment criteria, described in King County LCR 82(e), for the:

[ ]   Seattle Area, defined as:

All of King County south of Interstate 90 and including all of the interstate so right-of-way, all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands

[ ]   Kent Area, defined as:

All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

Signature of Petitioner or Plaintiff
or                                                                          Date



Signature of Attorney for
Petitioner/Plaintiff                                                        9/21/09
                                                                           Date

18943
WSBA Number

**COPY**

EXHIBIT A                                                       Page 20 of 98

KING COUNTY SUPERIOR COURT
CASE ASSIGNMENT DESIGNATION
and
CASE INFORMATION COVER SHEET

Please use category which best describes this case for indexing purposes. Accurate case indexing is vital. Cases filed in King County Superior Court will identify document fee of $15 will be assessed in each case if not indexed. (This sheet pursuant to and in the Rule 4 of KC Local Family Law LFR 4.1 etc.)

### ADOPTION/PATERNITY

- Adoption (ADP 5)
- Confirmation Out-of-state Instrument of Paternity (PAT 6)*
- Child Custody Proceeding Paternity (PAT 6)*
- Consolidate name change (MSC 6)*
- Foreign Voluntary Acknowledge King County Paternity (MSC 6)*
- Initial Pre-Placement Report (PPR 5)
- Modification (MOD 6)*
- Modification Support Only (MDS 5)*
- Paternity Establish/Disestablish (PAT 5)*
- Paternity/UIFSA (PUR 5)*
- Out of State Custody Order Registration (OSC 5)
- Out-of-State Support Order Registration (FHHS)
- Relinquishment (RLF 5)
- Relocation Objection/Modification (MOD 5)*
- Termination of Parent Child Relationship (PAT 5)*
- Termination/Parent Child Relationship (TRP 5)

### APPEAL/REVIEW

- Administrative Law Review (ALR 2)*
- RALJ Implied Consent / Test Refusal only RCW 46.2.1308 (DJ 2)*

### CONTRACT/COMMERCIAL

- Breach of Contract (COT 2)*
- X   Commercial Contract (COM 2)*
- Commercial Non-Contract (CEL 2)*
- Minor/ettlement (with/without) With/No Guardian (MED 2)*
- Third Party Collections (COL 2)*

### DOMESTIC RELATIONS

- Annulment/Invalidity (INV 3)*
  with dependent children Y / N, wife pregnant Y / N
- Nonparent Custody (CUS 3)*
- Dissolution With Children (DIC 3)*
- Dissolution With No Children (DIN 3)*
- Wife pregnant Y / N
- Enforcement Show Cause-Out of State (MSC 3)
- Establish Residential Sched Parenting Plan (PPS 3)* ££
- Establish Support Only (POS 3)* ££
- Legal Separation (SEP 3)*
  with dependent children Y / N, wife pregnant Y / N
- Mandatory Wage Assignment (MWA 3)
- Modification (MOD 3)*
- Modification - Support Only (MDS 3)*
- Out-of-State Custody Order Registration (OSC 3)
- Out of State Support Order (registration of UIFSA)
- Relocation Objection/Modification only (MOD 3)*

### DOMESTIC PARTNERSHIPS REGISTERED

- Dissolution of Domestic Partnership With Children (DPC 3)
- Dissolution of Domestic Partnership No Children (DPN3)*  pregnant? Y / N
- Invalidity of Domestic Partnership (INP 3)*
  with dependent children Y / N; pregnant? Y / N
- Legal Separation of Domestic Partnership (SEP 3)*
  with dependent children? Y / N, pregnant? Y / N

### DOMESTIC VIOLENCE/ANTIHARASSMENT

- Civil Harassment (HAR 2)
- Confidential Name Change (CHN 2)
- Domestic Violence (DVP 2)
- Domestic Violence with Children (DVC 2)
- Foreign Protection Order (FPO 2)
- Sexual Assault Protection (SXP 2)
- Vulnerable Adult Protection (VAP 2)

££ Must be set if filing is the only type of proceeding is set as an issue and NO other case exists in King County.   ** The filing party will be given to set if joint - case schedule late at time of filing.   ** Case schedule will be issued after hearing and findings

KING COUNTY SUPERIOR COURT
CASE ASSIGNMENT DESIGNATION
and
CASE INFORMATION COVER SHEET

Provide the Category that best describes this case for indexing purposes.

**JUDGMENT**

- Confession of Judgment (MSC 2)*
- Judgment, Another County, Abstract (ABJ 2)
- Judgment, Another State or Country (FHU 2)
- Tax Warrant (TAX 2)
- Transcript of Judgment (TRJ 2)

- Limited Guardianship (LG 4)*
- Minor Settlement (MST 4)
- Notice to Creditors - Only - (NNC 4)
- Trust (TRS 4)
- Trust Estate Dispute Resolution Act PCA - (TDR 4)
- Will Only - Deceased (WLL 4)

**PROPERTY RIGHTS**

- Condemnation (Eminent Domain) (CON 2)*
- Forfeiture (FOR 2)*
- Land Use Petition (LUP 2)*
- Property Fairness (PFA 2)*
- Quiet Title (QTI 2)*
- Unlawful Detainer (UND 2)

**TORT, ASBESTOS**

- Personal Injury-Schroeter Goldmark - (PIN 2)*
- Personal Injury - Other (PIN 2)*
- Wrongful Death - Schroeter Goldmark - (WDE 2)*
- Wrongful Death - Other (WDE 2)

**OTHER COMPLAINT/PETITION**

- Action to Compel/Confirm Private Binding Arbitration (MSC 2)
- Certificate of Rehabilitation (MSC 2)
- Change of Name (CHN 2)
- Deposit of Surplus Funds (MSC 2)
- Emancipation of Minor (EM 2)
- Foreign Claim of Lien (MSC 2)
- Injunction (INJ 2)*
- Interpleader (MSC 2)
- Malicious Harassment (MHA 2)*
- Non-Judicial Foreclosure (MSC 2)
- Other Complaint/Petition (MSC 2)*
- Seizure of Property from the Commission of a Crime (SPC 2)*
- Seizure of Property Resulting from a Crime (SPR 2)*
- Structured Settlement (MSC 2)*
- Subpoena (MSC 2)

**TORT, MEDICAL MALPRACTICE**

- Hospital (MED 2)*
- Medical Doctor (MED 2)*
- Other Health Care Professional (MED 2)*

**TORT, MOTOR VEHICLE**

- Death (TMV 2)*
- Non-Death Injuries (TMV 2)*
- Property Damage Only (TMV 2)*
- Victims Vehicle Theft (VWT 2)*

**TORT, NON-MOTOR VEHICLE**

- Implied... (PIN 2)
- Other Malpractice (MAL 2)*
- Personal Injury (PIN 2)*
- Products Liability (TTO 2)*
- Property Damage (PRP 2)*
- Property Damage - Gang (PRG 2)*
- Tort, Other (TTO 2)*

**PROBATE/GUARDIANSHIP**

- Absentee (ABS 4)
- Disclaimer (DSC 4)
- Estate (EST 4)
- Foreign Will (FNW 4)
- Guardian (GDN 4)

**WRIT**

- Habeas Corpus (WHC 2)
- Mandamus (WRM 2)**
- Review (WRV 2)**

* The filing fees will be set at an appropriate fee schedule at time of filing.   ** Cases of this type will be assigned the appropriate case filing fee.

Administration (UTR 4) ...

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR THE COUNTY OF KING

VLADIMIR A. ZANTSEV, an unmarried
individual

                        Plaintiff,

        v.

CAL-WESTERN RECONVEYANCE
CORPORATION OF WASHINGTON, a
Washington corporation, HOMECOMINGS
FINANCIAL NETWORK, INC., a Delaware
corporation, and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., a California company

                        Defendants.

No. 09-2-14-___-7

[Clerks Action Required]

LIS PENDENS

NOTICE IS HEREBY GIVEN pursuant to RCW 4.28.320 that the above named plaintiff has

commenced an action against the above-named defendants in the Superior Court for the above-

named County by filing a summons and complaint; this is notice of pendency of that action. The

names of the parties to the action are set forth above. The object of the action is to restrain the

Trustee's Sale of the plaintiff's real property and to recover damages arising out of a certain Deed of

Trust recorded July 31, 2006, under Auditor's File No. 20060731001308. The description of the real

LIS PENDENS - 1

THE LAW OFFICES OF BRUCE W. HUFF



property encumbered by the mortgage deed of trust and affected by the action is as follows:

LOT 102, DIXIE PARK, AS PER PLAT RECORDED IN VOLUME 172 OF PLATS, PAGES 88 THROUGH 90, RECORDS OF KING COUNTY AUDITOR, SITUATE IN THE CITY OF KENT, COUNTY OF KING, STATE OF WASHINGTON.

All persons dealing with the real estate subsequent to the recording of this lis pendens will take subject to the plaintiffs' rights as established in the action.

DATED this 31st day of March 2009.

LAW OFFICES OF BRUCE M. HILL, plle

By: _____
BRUCE M. HILL, WSBA # 18043
Attorneys for Plaintiff
Vitali Lvov, Zaytsev

THE LAW OFFICES OF BRUCE M. HILL

**EXHIBIT A**              **Page 24 of 98**

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING

VLADIMIR V. _____          )     NO.: 09-2-14120-7
                             )     NOTE FOR MOTION DOCKET
                  Plaintiff, )     SEATTLE COURTHOUSE ONLY
                             )     (Clerk's Action Required)
_____ WESTERN REGIONAL RANCH CORPORATION  )
OF WASHINGTON, et al.        )     [NT/MTDK]
                             )
                  Defendants.)

TO:     THE CLERK OF THE COURT and to all other parties listed on Page 2.
        PLEASE TAKE NOTICE, that an issue of law in this case will be heard on the date below or if the Clerk's direction note this issue on the calendar checked below.

Calendar Date: _____ April 15, 2009 _____ Day of Week: ____ Wednesday ____

Nature of Motion: MOTION TEMPORARY RESTRAINING ORDER RESTRAINING TRUSTEE'S SALE

### EX PARTE MOTIONS [LCR 7 (b)(3)(D)] - Seattle in W-325

The original of this notice must be filed at the Clerk's Office not less than six court days prior to requested hearing date. Motions are scheduled 9:00-11:30 a.m. & 1:30-3:45 p.m. (except as indicated):

| [ ] Revision Hearing Time: 9:00 a.m. | [X]Other Ex Parte Motion, Hearing Time: _____ 10:00 PM |

The original of this notice must be filed at the Clerk's Office not less than fourteen calendar days prior to requested hearing date. _____ Ex Parte hearings do not require confirmation.

| [ ] Adoption Final Hrg. _____ Hearing Time: 9:00a ___ 1:30 ___ | LCR 93.04 |
| [ ] Family Law Final Decree | [ ] Duty to Appear Hearing Time: _____ | [ ] No Divorce Hearing Time: 1:00 p.m |
| [ ] Trustee Default _____ Hearing Time: 10:30 a.m. ____ (LCR 98.04, 98.16, 98.20) |

### FAMILY LAW MOTIONS [LFLR 6] - Seattle in W291

The original of this notice must be filed at the Clerk's Office not less than fourteen calendar days prior to requested hearing date, except for certain Judgment Motions to be filed with Clerk 28 days in advance. Must confirm at 296-9540 (LFLR 6). Deliver working papers/register same room number listing above. SEE PAGE 2 FOR IMPORTANT NOTICE:

| [ ] Contempt Motion (9:30) | [ ] Sealed File Motion (1:30) | [ ] Parenting Plan Modification (threshold 1:30) |

### RALJ READINESS CALENDAR - Seattle

The original of this notice must be filed at the Clerk's Office not less than five court days prior to the requested hearing date. Bring your document and appear as scheduled. See posted signs for room number and Judge the day of your hearing. _____ Fridays only (1:30 p.m.)

You may list an address that is not your residential address where you agree to accept legal documents.

Sign _____   Print/Type Name: Bruce M. ____

WSBA# (   )   [ ] Pro se   Attorney for: vladimir zaynyev

Address   1415 S. 59th Street, Suite 100, City, State, Zip   Bellevue, WA 98006

Telephone (425) 478-6048 _____ Date: ___ 03/14/2009

Party requesting hearing must file motion & affidavits separately along with this notice. List names, addresses and telephone numbers of all parties requiring notice (including Guardian Ad Litem) on page 2. Serve a copy of this notice of hearing with motion documents on all parties.  DO NOT USE THIS FORM TO SET HEARINGS BEFORE CHIEF CIVIL JUDGE OR THE ASSIGNED JUDGE FOR THE CASE.

NOTE FOR MOTION DOCKET - SEATTLE COURTHOUSE ONLY                      Page 1

**COPY**

LIST NAMES AND SERVICE ADDRESSES FOR ALL NECESSARY PARTIES REQUIRING NOTICE

Name: Cal-Western Reconveyance Corporation of
Washington, c/o National Registered Agents, Inc.
Service Address:   80 Burnet Blvd. SW, Bldg. G
City, State, Zip: Tumwater, WA, 98501-6810
WSBA#  _____ Atty For _____
Telephone #: _____

Name: Mortgage Electronic Registration Systems, Inc.
c/o Mortgage IT, Inc.
Service Address: 1420 Deming Way, 3rd Floor
City, State, Zip: Vancouver, WA 98662
WSBA#_____ Atty For_____
Telephone #: _____

Name _____
Service Address: _____
City, State, Zip _____
WSBA# _____ Atty For _____
Telephone #: _____

Name: Homecomings Financial Network, Inc. c/o
Homecomings Financial, LLC, a Corps nate Service
Company
Service Address: 6500 Harbor Heights Pkwy, Ste. 300
City, State, Zip: Mukilteo, WA, 98275
WSBA# _____ Atty For _____
Telephone #: _____

Name _____
Service Address: _____
City, State, Zip _____
WSBA# _____ Atty For _____
Telephone #: _____

Name _____
Service Address: _____
City, State, Zip _____
WSBA# _____ Atty For _____
Telephone #: _____

## IMPORTANT NOTICE REGARDING FAMILY LAW CASES

**IF YOU ARE THE PERSON SCHEDULING THIS MOTION**, you must confirm this hearing by calling the Family Law Motions Coordinators at 296-9340 between 2:30 p.m. and 4:15 p.m. (3) court days before the hearing and between 8:30 a.m. and 12:00 p.m. (noon) two (2) court days prior to the hearing.

**IF YOU OBJECT TO THIS MOTION**, under King County Superior Court Rule LFLR 5, your response and accompanying paperwork **must be in writing** and must be delivered, not later than by 12:00 p.m. (noon) of four (4) weekdays (not including court holidays) prior to the hearing to:

1. the Superior Court Clerk in Room E609 (the originals go to the Clerk);

2. all parties' attorneys (or directly to any party who does not have an attorney); and,

3. the Family Law Motions Coordinators in Room W291

Any statements of a party or witness must be signed, dated and sworn to under penalty of perjury, and must contain the date and city where signed.

The moving party's reply is due by noon two court days prior to the hearing. Check-in time is **9:00 am** for morning hearings and **1:15 p.m.** for afternoon hearings.

THIS IS ONLY A PARTIAL SUMMARY OF THE LOCAL RULES. ALL PARTIES ARE ADVISED TO CONSULT WITH AN ATTORNEY.

The KING COUNTY COURTHOUSE is in Seattle, Washington at 516 Third Avenue.

NOTE FOR MOTION DOCKET - SEATTLE COURTHOUSE ONLY
Nine tks of 05/08                                                                  Page 2
www.metrokc.gov/kcscc/forms.htm

Ex Parte Department Room W-325
**Hearing Scheduled: Wednesday, April 15, 2009, 02:00 p.m.**

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR THE COUNTY OF KING

VLADIMIR V. ZAYTSEV, an unmarried
individual,

                              Plaintiff,

CAL-WESTERN RECONVEYANCE
CORPORATION OF WASHINGTON, a
Washington corporation, HOMECOMINGS
FINANCIAL NETWORK, INC., a Delaware
corporation, and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., a California company

                              Defendants.

No.: 09-2-14120-7

MOTION AND MEMORANDUM FOR
TEMPORARY RESTRAINING ORDER
RESTRAINING TRUSTEE'S SALE

Note On Motion Calendar: Ex Parte 2:00 p.m.
Wednesday, April 15, 2009

I.    RELIEF REQUESTED

Pursuant to CR 65 and RCW 61.24.130, plaintiff Vladimir V. Zaytsev respectfully request

the Court immediately enter a temporary restraining order restraining defendant Cal-Western

MOTION AND MEMORANDUM
FOR TEMPORARY RESTRAINING
ORDER RESTRAINING TRUSTEE'S SALE - 1

THE LAW OFFICES OF BRUCE M. HILL

Reconveyance Corporation of Washington from conducting a Trustee's Sale of plaintiff's residence scheduled to April 17, 2009. For the reasons set forth herein and in plaintiff's complaint this Court should enter a temporary restraining order restraining defendant Cal-Western Reconveyance Corporation of Washington from conducting a Trustee's Sale of plaintiff's residence scheduled to occur on April 17, 2009.

## II.    STATEMENT OF FACTS

1.   Plaintiff is a recent immigrant from Russia and speaks, reads, writes and understands only broken English.

2.   Plaintiff applied for a home loan to refinance a loan used to purchase his personal residence on or about June 28, 2006 through loan broker West Horizon Financial, Inc. ("Broker").

3.   At all relevant times Broker was acting as an agent for Homecomings.

4.   Plaintiff was led to believe from Broker he was getting a low interest rate loan which would remain at a low interest rate for the entire term of the loan.

5.   Broker transferred to plaintiff's loan application to Homecomings which approved it.

6.   Plaintiff entered into a subprime loan transaction with defendants Homecomings and Mortgage Electronic Registration Systems, Inc. ("MERS") on or about July 20, 2006 in which plaintiff borrowed $367,200.00 from defendant Homecomings (the "Loan.")

7.   The proceeds of the Loan were used to refinance a loan used to purchase the principal dwelling of the Plaintiff at 26257 125th PL SE, Kent, Washington 98030 ("Principal Dwelling").

8.   At all relevant times the Principal Dwelling is the principal dwelling and primary residence

The Product

8.    The Loan was a closed end consumer credit transaction in which a security interest was retained or acquired in Plaintiff's Principal Dwelling which was consummated within three years of the date of the underlying Loan transaction and was not a residential mortgage transaction or other exempted transaction under 12 USC 1601 et. seq.

10.   The Loan was evidenced by an Option arm) Adjustable Rate Note dated July 20, 2006 in the amount of $367,200.00 (the "Note").

11.   The Note contained a "teaser" interest rate of only 1% per annum effective for only the first payment with interest subject to change each month thereafter with a cap set at 9.95%.

12.   The Note contained a prepayment penalty equal to six months paid time interest on the amount of the prepayment.

13.   The Note was secured by "Deed of Trust" granted by Plaintiff in favor of MERS ("Beneficiary"), acting solely as nominee for Homecomings, dated July 20, 2006 and recorded July 25, 2006 under Auditor's File No. 20060725001308 in the records of King County, Washington against Plaintiff's Principal Dwelling.

14.   Trustee sent the Notice of Trustee's Sale to Plaintiff on or about January 13, 2009.

15.   The Notice of Trustee's Sale provided notice of the sale of Plaintiff's Principal Dwelling to occur on April 17, 2009 pursuant to the Deed of Trust.

16.   Defendant Homecomings is the lender under the Note and the Loan servicer.

17.   Plaintiff was not provided material disclosures and other loan documentation prior to and after Plaintiff's Loan transaction was consummated.

18.   These deficiencies include without limitation the following:

d.   Not all preliminary or early disclosures were given to the Plaintiff as required by 12
     CFR §226.17(b) and 226.19(a);

b.   No itemization of amount financed or disclosure telling the Plaintiff he is entitled to
     that disclosure in writing as required by 12 CFR §226.18(c);

c.   A Good Faith Estimate of the sub-prime loan may not have been given to Plaintiff;

d.   Plaintiff did not receive an accurate Truth in Lending Disclosure Statement in
     violation of 12 CFR §226.17 and 18;

e.   The APR is understated by 0.5468% in violation of 12 CFR §226.22;

f.   Homecomings paid Broker a yield spread premium of $11,016.00 which was not
     properly disclosed as required by the Real Estate Settlement Procedures Act in
     violation of 12 USC §2607 and in violation of 12 CFR §226.17(c).

## III.   STATEMENT OF ISSUES

Shall plaintiff be granted a Temporary Restraining Order restraining defendant Cal-Western Reconveyance Corporation of Washington from conducting a Trustee's Sale of plaintiff's residence on April 17, 2009?

## IV.   EVIDENCE RELIED UPON

Plaintiff relies on the Declaration of Bruce M. Hull, the Complaint and on this Motion and Memorandum For Temporary Restraining Order.

V.   LEGAL AUTHORITY AND ARGUMENT

A.   Standards For Injunctive Relief.

Injunctions are justified if the party seeking that relief shows (1) that it has a clear legal or equitable right, (2) a well-grounded fear of immediate invasion of that right, and (3) that the acts complained of are either resulting, or will result, in actual or substantial injury. King v. Riveland, 125 Wn.2d 500, 515, 886 P.2d 160 (1994); Washington Federation of State Employees, Council 28 v. State, 99 Wn.2d 878, 887-888, 665 P.2d 1337 (1983); Tyler Pipe Industries v. Dept. of Revenue, 96 Wn.2d 785, 792, 638 P.2d 1213 (1982); County of Spokane v. Local No. 1553, 76 Wn. App. 765, 771, 888 P.2d 735 (1995); see also CR 65.  Such injunctive relief is proper when the party applying for such relief will suffer irreparable injury, loss, or damage before an adversary proceeding can be convened in open court. Fisher v. Parkview Properties, Inc., 71 Wn. App. 468, 475, 859 P.2d 77 (1993); see also RCW 7.40.020.  These various elements are reviewed as part of a balancing of the relative interests of the parties and, where appropriate, the interests of the public. Tyler Pipe, supra, 96 Wn.2d at 793.

In this instance no injury, loss or damage could be more irreparable to plaintiff than losing their home.

B.   The Trustee's Sale Should Be Restrained Pursuant to RCW 61.24.130.

RCW 61.24.130(1) provides:

(1)    Nothing contained in this chapter shall prejudice the right of the borrower, grantor, any guarantor, or any person who has an interest in, lien, or claim of lien against the property or some part thereof, to restrain, on any proper legal or equitable ground, a trustee's sale. The court shall require as a condition of granting the restraining order or

injunction that the applicant pay to the clerk of the court the sums that would be due on the obligation secured by the deed of trust if the deed of trust was not being foreclosed.

(c)     In the case of default in making the periodic payment of principal, interest, and reserves, such sums shall be the periodic payment of principal, interest, and reserves paid to the clerk of the court every thirty days.

Plaintiff has filed a claim for recoupment, set off and damages arising out of the loan documents and thus argues that the amount of the damages plaintiff is claiming greatly exceeds the amount due to cure any default and thus plaintiff should not be required to post any bond or other amount with the clerk of the court as required by RCW 61.24.130(1). Further, plaintiff is seeking the remedy of rescission which, if proven, would result in the termination of defendant Homecomings' security interest in plaintiff's residence, in which case plaintiff would owe defendant Homecomings nothing under the Note and Deed of Trust.

C.     Plaintiff Will Suffer Irreparable Injury Without Injunctive Relief.

If defendant Cal-Western Reconveyance Corporation of Washington is allowed to continue with the Trustee's Sale plaintiff would lose his primary residence. If this were to occur an award of money damages would be inadequate.

D.     Plaintiff Has Given The Trustee Notice Pursuant to RCW 61.24.130(2).

Plaintiff has given defendants notice as required under RCW 61.24.130(2) and SCLCR 65(b)(1) including the time when, place where, and the judge before whom the application for the restraining order or injunction is to be made and copies of all pleadings and related documents to be given to the judge.

E.   No Bond Should Be Posted By Plaintiff.

Plaintiff should not be required to post a bond as he is allowed damages and the rights of rescission, recoupment and setoff against the claims of defendant Homecomings. Damages and the rights of recoupment and setoff far exceed the amounts being claimed by defendants as the deficiency needed to cure the default and stop the sale and the right of rescission would result in the termination of defendant Homecomings security interest and no amounts would be due and owing by plaintiff related thereto.

## VI.   CONCLUSION

If a temporary restraining order does not issue, plaintiff will be irreparably harmed. Plaintiff needs the protection of this Court to restore and maintain the status quo so that any disputes between the parties can be resolved in a court of law. For these reasons and for the reasons set forth more fully above, plaintiff respectfully requests this Court issue a temporary restraining order under the standards of CR 65 and RCW 61.24.130 without plaintiff having to post a bond. Plaintiff has submitted a proposed order to that effect.

DATED this 30th day of March, 2009.

LAW OFFICES OF BRUCE M. HULL, pllc

By:
Bruce M. Hull, WSBA # 18945
Attorneys for Plaintiff
Vladimir V. Zaytsev

MOTION AND MEMORANDUM
FOR TEMPORARY RESTRAINING
ORDER RESTRAINING TRUSTEE'S SALE - 7

THE LAW OFFICES OF BRUCE M. HULL

**EXHIBIT A**          **Page 33 of 98**

F.    No Bond Should Be Posted By Plaintiff.

Plaintiff should not be required to post a bond as he is allowed damages and the rights of rescission, recoupment and setoff against the claims of defendant Homecomings. Damages and the rights of recoupment and setoff far exceed the amounts being claimed by defendants as the deficiency needed to cure the default and stop the sale and the right of rescission would result in the termination of defendant Homecomings security interest and no amounts would be due and owing by plaintiff related thereto.

## VI.    CONCLUSION

If a temporary restraining order does not issue, plaintiff will be irreparably harmed. Plaintiff needs the protection of this Court to restore and maintain the status quo so that any disputes between the parties can be resolved in a court of law. For these reasons and for the reasons set forth more fully above, plaintiff respectfully requests this Court issue a temporary restraining order under the standards of CR 65 and RCW 61.24.130 without plaintiff having to post a bond. Plaintiff has submitted a proposed order to that effect.

DATED this 31st day of March, 2009.

LAW OFFICES OF BRUCE M. HULL, pllc

By: _____
Bruce M. Hull, WSBA # 18943
Attorneys for Plaintiff
Vladimir V. Zaytsev

MOTION AND MEMORANDUM
FOR TEMPORARY RESTRAINING
ORDER RESTRAINING TRUSTEE'S SALE - 7

THE LAW OFFICES OF BRUCE M. HULL

VII.   CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of MOTION AND MEMORANDUM FOR TEMPORARY RESTRAINING ORDER RESTRAINING TRUSTEE'S SALE, Supporting DECLARATION OF BRUCE M. HULL and PROPOSED TEMPORARY RESTRAINING ORDER AND ORDER TO RESTRAIN TRUSTEE'S SALE have been made this 31st day of March 2009, by sending a copy thereof via:

via ABC legal messenger to:

Cal-Western Reconveyance Corporation of
Washington
c/o National Registered Agents, Inc.
1780 Barnes Blvd., SW, Bldg. G
Tumwater, WA 98512-0410

Homecomings Financial Network, Inc.
Homecomings Financial, LLC
c/o Corporate Services Company
6500 Harbor Heights PKWY, Suite 400
Mukilteo, WA, 98275

and via fax and US mail to:

Mortgage Electronic Registration Systems, Inc.
c/o Mortgage IT, INC.
1350 Deming Way, 3rd Floor
Vancouver, WA 98662
Fax No. 1-866-785-8116

_____
Ilya Lisitsa
Paralegal for Bruce M. Hull

THE LAW OFFICES OF BRUCE M. HULL

**EXHIBIT A**          **Page 35 of 98**

Ex Parte Department Room W-325
Hearing Scheduled: Wednesday, April 15, 2009, 02:00 p.m.

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR THE COUNTY OF KING

VLADIMIR V. ZAYTSEV, an unmarried
individual,

                 Plaintiff,

          v.

CAL-WESTERN RECONVEYANCE
CORPORATION OF WASHINGTON, a
Washington corporation, HOMECOMINGS
FINANCIAL NETWORK, INC., a Delaware
corporation, and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., a California company,

                 Defendants.

No.: 09-2-14120-7

DECLARATION OF
BRUCE M. HUFF IN SUPPORT OF
PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING
ORDER AND RESTRAINT OF
TRUSTEE'S SALE

Bruce M. Huff hereby declares as follows:

1.    I am the attorney representing plaintiff in this action.  I have personal knowledge of all

matters set forth in this declaration.

2.    On March 17, 2009, I caused to be served by ABC Legal Messengers a copy of plaintiff's

Complaint, Motion and Memorandum for Temporary Restraining Order, Proposed

DECLARATION OF BRUCE M. HUFF - 1

THE LAW OFFICES OF BRUCE M. HUFF



Temporary Restraining Order, this Declaration and a letter describing where and when the Motion would be heard to defendants Cal-Western Reconveyance Corporation of Washington by and through its registered agent for service National Registered Agents Inc., 1780 Barnes Blvd., SW, Bldg. G, Tumwater, Washington 98512-5410 and Homecomings Financial Network, Inc. & Homecomings Financial, LLC by and through its registered agent for service Corporate Services Company, 6500 Harbor Heights Pkwy, Suite 400, Mukilteo, Wa., 98275.

4. Attached as Exhibit A is a true and correct copy of the return of service from ABC Legal Services.

4. On March 31, 2009, I caused to be served by facsimile and United States Mail a copy of plaintiff's Complaint, Motion and Memorandum for Temporary Restraining Order, Proposed Temporary Restraining Order, this Declaration and a letter describing where and when the Motion would be heard to defendant Mortgage Electronic Registration Systems, Inc. by and through its registered agent for service Mortgage IT, INC., 1350 Botany Way, So. Cara-Nat Center, WA 98066, Fax No.: 866-786-5146.

5. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

DATED this 31st day of March, 2009.

LAW OFFICES OF BRUCE M. HULL, pllc

By: _____

Bruce M. Hull, WSBA # 18943
Attorneys for Plaintiff
Vladimir V. Zastoiy

DECLARATION OF BRUCE M. HULL - 2

THE LAW OFFICES OF BRUCE M. HULL

# EXHIBIT A

Ex Parte Department Room W-325
Hearing Scheduled: Wednesday, April 15, 2009, 02:00 p.m.

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR THE COUNTY OF KING

VLADIMIR V. ZAYTSEV, an unmarried
individual,

          Plaintiff,

       v.

CAL-WESTERN RECONVEYANCE
CORPORATION OF WASHINGTON, a
Washington corporation, HOMECOMINGS
FINANCIAL NETWORK, INC., a Delaware
corporation, and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC., a California company,

          Defendants.

No.: 09-2-14120-7

TEMPORARY RESTRAINING
ORDER AND ORDER TO
RESTRAIN TRUSTEE'S SALE

(PROPOSED)

Clerk's Action Required

THIS MATTER comes before the Court by motion of plaintiff Vladimir V. Zaytsev for immediate entry of a Temporary Restraining Order pursuant to CR 65, LCR 65 and RCA 61.24.130. Plaintiff has filed a Complaint, a Motion And Memorandum For Temporary Restraining Order Against Defendants, and the Declaration of Bruce M. Hull In Support Of Plaintiff's Motion For Temporary Restraining Order.

TEMPORARY RESTRAINING ORDER - 1

THE LAW OFFICES OF BRUCE M. HULL



HAVING REVIEWED all of the pleadings submitted, the Court finds as follows:

1. Plaintiff has shown a well-grounded fear that absent entry of a temporary restraining order, he will suffer irreparable damages.

2. Sufficient grounds exist under RCW 61.24.130 to restrain the trustee's sale scheduled to occur on April 17, 2009 at 10:00 a.m. ("Trustee's Sale").

3. Plaintiff has reasonable grounds for not requiring plaintiff to provide a bond or security to the clerk of the court.

4. Defendants were given proper notice of the April 15, 2009 hearing.

WHEREFORE, IT IS ORDERED:

Defendant Cal-Western Reconveyance Corporation of Washington shall:

1. Refrain from conducting and continuing with the Trustee's Sale.

THIS RESTRAINING ORDER IS ENTERED at ____ ____ a.m./p.m. this 15th day of April 2009, and shall expire, unless extended by subsequent order, fourteen days from the date of entry hereof.

The Court hereby sets a hearing for defendants to show cause, if any, they may have as to why the restraint herein should not be made a preliminary injunction, for ____ ____ a.m./p.m. Pacific Standard Time on the _____ day of April 2009, at the King County Courthouse, Seattle, Washington, Room _____ to argue before the Honorable _____ _____ judge of this Court.

DONE IN OPEN COURT this 15th day April, 2009.

_____
JUDGE/COURT COMMISSIONER

THE LAW OFFICES OF BRUCE M. HULL

EMERGENCY RESTRAINING ORDER - 2

Presented by:

LAW OFFICES OF BRUCE M. HULL, pllc

By: _____
Bruce M. Hull, WSBA # 18945
Attorneys for Plaintiff
Vladimir V. Zaytsev

THE LAW OFFICES OF BRUCE M. HULL

FILED

09 APR 06 PM 12:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-14120-7 SEA

1

2

3

4

5

6

7

8

9

10

11

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**

12

**FOR THE COUNTY OF KING**

13

14  VLADIMIR V. ZAYTSEV, an unmarried   )
    individual;                        )  No.: **09-2-14120-7 SEA**
15                                      )
                         Plaintiff,    )
16                                      )  **NOTICE OF UNAVAILABLITY OF**
              v.                        )  **COUNSEL**
17                                      )
    CAL-WESTERN RECONVEYANCE           )
18  CORPORATION OF WASHINGTON, a       )
    Washington corporation, HOMECOMINGS )
    FINANCIAL NETWORK, INC., a Delaware )
19  corporation, and MORTGAGE          )
    ELECTRONIC REGSTRATION SYSTEMS,    )
20  INC., a California company.         )
                                        )
21                                      )
                         Defendants.)
22  _____)

23        EACH OF YOU WILL PLEASE TAKE NOTICE that the undersigned attorney will be

24  unavailable from April 6 through April 14, 2009.  The parties and Court are requested to schedule no

25  motions, hearings or other matters during that period.

26

NOTICE OF UNAVAILABLITY OF COUNSEL - 1

**THE LAW OFFICES OF BRUCE M. HULL**
*A Professional Limited Liability Corporation*
14100 SE 36ᵗʰ Street, Suite 100
Bellevue, WA 98006
Phone: (425) 378-8088
Fax: (425) 378-3373

**EXHIBIT A**          **Page 42 of 98**

DATED this 3$^{rd}$ day of April, 2009.

LAW OFFICES OF BRUCE M. HULL, pllc


By:____s/ Bruce M. Hull_____
Bruce M. Hull, WSBA # 18943
Attorneys for Plaintiff
Vladimir V. Zaytsev


## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of **NOTICE OF UNAVAILABLITY OF COUNSEL** has been made this 3$^{rd}$ day of April 2009, by sending a copy thereof via US mail to:

| | |
|---|---|
| Cal-Western Reconveyance Corporation of Washington c/o National Registered Agents, Inc. 1780 Barnes Blvd. SW, Bldg. G Tumwater, WA 98512-0410 | Homecomings Financial Network, Inc. Homecomings Financial, LLC c/o Corporate Services Company 6500 Harbor Heights PKWY, Suite 400 Mukilteo, WA, 98275 |

Mortgage Electronic Registration Systems, Inc.
c/o Mortgage IT, INC.,
1350 Deming Way, 3$^{rd}$ Floor
Vancouver, WA 98662


____s/ Illya Lisunov_____
Illya Lisunov
Paralegal for Bruce M. Hull


NOTICE OF UNAVAILABLITY OF COUNSEL - 2

**THE LAW OFFICES OF BRUCE M. HULL**
*A Professional Limited Liability Corporation*
14100 SE 36$^{th}$ Street, Suite 100
Bellevue, WA 98006
Phone: (425) 378-8088
Fax: (425) 378-3373

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Case Number:       09-2-14120-7
Case Title:        ZAYTSEV VS CAL WESTERN RECONVEYANCE CORP ET AL
Document Title:    NOTICE   BRUCE M. HULL RE UNAVAILABILITY FO COUNSEL
User's Name:       Bruce Hull
Filed Date:        4/6/2009 12:00:50 PM

User Signed

Signed By:     Bruce Hull
WSBA #:        18943
Date:          4/6/2009 11:58:31 AM

FILED

09 APR -6 AM 10: 40

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

**SUPERIOR COURT, IN AND FOR THE COUNTY OF KING, STATE OF WASHINGTON**

VLADIMIR V ZAYTSEV, AN UNMARRIED
INDIVIDUAL

Plaintiff/Petitioner

vs.

CAL-WESTERN RECONVEYANCE CORPORATION OF
WASHINGTON, A WASHINGTON CORPORATION;
ET AL

Defendant/Respondent

Cause #:   09-2-14120-7SEA

Declaration of Service of:

LETTER; SUMMONS; COMPLAINT TO RESTRAIN
TRUSTEE'S SALE, TEMPORARY RESTRAINING ORDER
AND FOR RESCISSION, DAMAGES, OFFSET AND
RECOUPMENT; LIS PENDENS; NOTE FOR MOTION
DOCKET; MOTION AND MEMORANDUM FOR TEMPORARY
RESTRAINING ORDER RESTRAINING TRUSTEE'S SALE;
DECLARATION OF BRUCE M HULL IN SUPPORT OF
PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING
ORDER AND RESTRAINT OF TRUSTEE'S SALE;
PROPOSED TEMPORARY RESTRAINING ORDER AND
ORDER TO RESTRAIN TRUSTEE'S SALE; CASE
ASSIGNMENT DESIGNATION AND CASE INFORMATION
COVER SHEET

Hearing Date:   Apr 15 2009

Declaration:

The undersigned hereby declares: That s(he) is now and at all times herein mentioned, a citizen of the United States and a resident of the State of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the date and time of Apr  1 2009  1:20PM at the address of 1780 BARNES BLVD SW  TUMWATER, within the County of THURSTON, State of WASHINGTON, the declarant duly served the above described documents upon CAL-WESTERN RECONVEYANCE CORPORATION OF WASHINGTON  by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with CAROL SHELTON, AGENT FOR NATIONAL REG. AGENTS, INC., REG. AGENT .

No information was provided that indicates that the subjects served are members of the U.S. military.

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: April 2, 2009 at Olympia, WA

by _____
        S. Treiber     PSR2009-0311-06

Service Fee Total: $ 76.14



ABC Legal Services, Inc.
206 521-9000
Tracking #: 5781645

**ORIGINAL
PROOF OF SERVICE**

Page 1 of 1

ZAYSTEV, VLADIMIR
Hull, Bruce M.
14100 SE 36th St, #100
Bellevue, WA   98012
425 378-8088

**EXHIBIT A**                                    **Page 45 of 98**

FILED

09 APR -6 AM 10: 40

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

**SUPERIOR COURT, IN AND FOR THE COUNTY OF KING, STATE OF WASHINGTON**

| | |
|---|---|
| VLADIMIR V. ZAYTSEV, AN UNMARRIED INDIVIDUAL | Cause #:   09-2-14120-7 SEA |
| Plaintiff/Petitioner | |
| vs. | Declaration of Service of: |
| CAL-WESTERN RECONVEYANCE CORPORATION OR WASHINGTON, A WASHINGTON CORPORATION; ET AL | SUMMONS AND COMPLAINT TO RESTRAIN TRUSTEE'S SALE, TEMPORARY RESTRAINING ORDER AND FOR RESCISSION, DAMAGES, OFFSET AND RECOUPMENT; LIS PENDENS; NOTE FOR MOTION DOCKET; MOTION AND MEMORANDUM FOR TEMPORARY RESTRAINING ORDER RESTRAINING TRUSTEE'S SALE; DECLARATION OF BRUCE M. HULL IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMP. RESTRAINING ORDER AND RESTRAINT OF TRUSTEE'S SALE; TEMPORARY RESTRAINING ORDER AND ORDER TO RESTRAIN TRUSTEE'S SALES; LETTER; CASE INFORMATION COVER SHEET; |
| Defendant/Respondent | |
| | Hearing Date:   Apr 15 2009 |

Declaration:

The undersigned hereby declares: That s(he) is now and at all times herein mentioned, a citizen of the United States and a resident of the State of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the date and time of Apr  1 2009  3:05PM at the address of 6500 HARBOUR HEIGHTS PKWY #400 MUKILTEO, within the County of SNOHOMISH, State of WASHINGTON, the declarant duly served the above described documents upon CORPORATION SERVICE COMPANY as Registered Agent for HOMECOMINGS FINANCIAL NETWORK, INC., HOMECOMINGS FINANCIAL, LLC  by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with PETER FLEETWOOD, AGENT CORPRORATION SERVICE CO. REGISTERED AGENT.

No information was provided that indicates that the subjects served are members of the U.S. military.

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: April 2, 2009 at Everett, WA

by _____
          L. Monnie       SC9207

Service Fee Total: $ 125.50



ABC Legal Services, Inc.
206 521-9000
Tracking #: 5652120

**ORIGINAL
PROOF OF SERVICE**

Page 1 of 1

ZAYTSEV, VLADIMIR
Hull, Bruce M.
14100 SE 36th St, #100
Bellevue, WA   98012
425 378-8088

**EXHIBIT A**